IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3077-FL

| | |
|---|---|
| TREVOR MOHAMMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DENNIS DANIELS, WHITNEY ) | |
| DRIVER, DONALD MICKLOS, JOHN ) | |
| HERRING, ROBERT OWENS, JACKIE ) | |
| PARKER, ENNIS OATS, DONALD ) | |
| POLT, PAULA SMITH, CARLTON ) | |
| JOYNER, BOBBY MARSHALL, and ) | |
| ROBERT LEWIS, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on defendants' respective motions to dismiss (DE 55, 66) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court denies defendants' motions.

**STATEMENT OF THE CASE**

On April 10, 2013, plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. On November 8, 2013, the court entered an order directing plaintiff to particularize his complaint. Plaintiff filed his particularized complaint on December 2, 2013, naming, *inter alia*, Dr. Robert Owens ("Owens") and Dr. Donald Vaughn Micklos ("Micklos") as defendants. Plaintiff alleged that defendants Owens and Micklos acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution. The court then allowed plaintiff to proceed with his Eighth Amendment claims against these defendants.

Defendants Owens and Micklos subsequently filed respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that plaintiff failed to state a claim upon which relief may be granted. Alternatively, these defendants asserted the affirmative defense of qualified immunity. The motions were fully briefed.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations against defendants Owens and Micklos. Plaintiff was transferred to Maury Correctional Institution ("Maury") on August 24, 2011. (Am. Compl. (DE 7), p. 7.) Defendant Owens was the health care provider at Maury at the time of plaintiff's transfer. (Id. p. 3.) Plaintiff states that Maury's medical staff failed to "carry out prescribed orders for refill of self-medications, and failed to dispense control medication according to prescribed order." (Id. p. 8.) Plaintiff further states that Owens "abruptly discontinued Plaintiff's pain medication and prescribed an antidepressant medication, even though he was aware of the fact that Plaintiff was already taking the maximum daily dose of antidepressant medication that was prescribed by a psychiatrist." (Id. p.9.)

Plaintiff next was transferred to Pender Correctional Institution on September 25, 2012, where defendant Micklos was the medical provider. (Id. pp. 4, 10; Pl.'s Resp. p. 2.) Plaintiff states that defendant Micklos discontinued plaintiff's prescription for Glucosamine "without any type of diagnosis." (Am. Compl. (DE 7), p. 10.) The medication previously was prescribed to plaintiff to treat the "worn cartilage/ligament in [his] knees." (Id.) Defendant Micklos also refused to order plaintiff's previously prescribed special wash and to follow defendant Owens' instructions to provide follow-up care for plaintiff's shoulder condition. (Id. pp. 10, 12.) Finally, defendant Micklos extended plaintiff's walking restrictions "without any diagnosis." (Id. p. 9.) As a result

2

of defendants' alleged deliberate indifference, plaintiff states that he is in constant pain. (Id. p. 16.)

**DISCUSSION**

A.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.   Analysis

   1.   Eighth Amendment Claims Against Owens and Micklos

Defendants Owens and Micklos raise the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct

3

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). The court now will consider whether plaintiff alleged a constitutional violation.

Plaintiff alleges defendants Owens and Micklos acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (8 (1991) (internal quotation omitted). The first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious"–and the second prong is subjective–the prisoner must show that "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted).

The court begins with the objective prong of the Eighth Amendment test. "[F]or prison conditions to rise to the level of unconstitutional punishment, there must be [objective] evidence of a serious medical and emotional deterioration attributable to the challenged condition." Strickler, 989 F.2d at 1380. In this case, plaintiff alleges that defendants acted with deliberate indifference towards his chronic pain. The court finds that chronic pain constitutes a serious medical need for the purposes of his Eighth Amendment claim for the purposes of a motion to dismiss. See Hall v.

4

Hopkins, No. 7:10-cv-393, 2012 WL 43510, *4 (W.D. Va. Jan. 9, 2012). Thus, plaintiff's allegations satisfy the objective prong of the Eighth Amendment test.

The court next considers the second prong of the Eighth Amendment test–whether defendants Owens[1] and Micklos acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Plaintiff alleges that both Owens and Micklos acted with deliberate indifference to his chronic pain, and other medical conditions, by refusing to re-fill previously prescribed medications without first conducting an examination and for failing to provide medical care. Liberally construing plaintiff's allegations as this court must, plaintiff's allegations are sufficient to state a claim. See Estelle, 429 U.S. at 104–05 (finding that a prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care."); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) ("It is now established doctrine that pleadings should not be scrutinized with such technical nicety that a meritorious claim should be

---

[1] Owens' motion to dismiss discusses a claim plaintiff made regarding his snack bag. Plaintiff, however, states that his snack bag claim is unrelated to his claims against Owens. (Pl.'s Resp. (DE 61), p. 5.)

5

defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice."); Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) ("Under the applicable legal principles, a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation."). Because plaintiff has made allegations sufficient to satisfy the objective and subjective prongs of the Eighth Amendment test for his claims against defendants Owens and Micklos, plaintiff has alleged a constitutional violation and these defendants are not entitled to qualified immunity at this time.[2]

    2.    Punitive Damages

Defendants Owens and Micklos argue that plaintiff's claims do not support an award of punitive damages. Punitive damages may be awarded in a § 1983 action under appropriate circumstances to punish violations of constitutional rights. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267-268 (1981). Punitive damages may be awarded for "conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). The Fourth Circuit has determined that the callous indifference required for punitive damages is the same as the deliberate indifference required for a finding of liability in a § 1983 claim. Cooper, 814 F.2d at 948. Plaintiff alleges deliberate indifference in this case. Thus, he has sufficiently plead punitive damages, and defendants' motions to dismiss plaintiff's claim for punitive damages is DENIED.

---

[2] To the extent plaintiff attempts to raise new claims in his responses to defendants' motions to dismiss, those claims are not properly before the court and will not be considered. See Henson v. Lambert, No. RWT-12-3271, 2013 WL 4008882, at *n.1 (D. Md. Aug. 2, 2013), appeal dismissed, 557 F. App'x 245 (4th Cir. 2014); see also, Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment).

## CONCLUSION

Based upon the foregoing, defendants' respective motions to dismiss (DE 55, 66) are DENIED. An initial order will follow.

SO ORDERED, this the 4th day of February, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge