IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3077-FL

| | |
|---|---|
| TREVOR MOHAMMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DENNIS DANIELS, WHITNEY ) | |
| DRIVER, DONALD MICKLOS, JOHN ) | |
| HERRING, ROBERT OWENS, JACKIE ) | |
| PARKER, ENNIS OATS, DONALD ) | |
| POLT, PAULA SMITH, CARLTON ) | |
| JOYNER, BOBBY MARSHALL, and ) | |
| ROBERT LEWIS, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, raising claims related to, *inter alia*, cold cells, lack of access to books, retaliation, medical care, and unconstitutional conditions of confinement. Plaintiff filed an amended complaint on April 29, 2015. On July 9, 2015, the court entered an order directing plaintiff to particularize the allegations in his April 29, 2015, amended complaint. The matter now comes before the court on plaintiff's failure to respond to the court's July 9, 2015, order. Also before the court are plaintiff's motion to compel (DE 94) and motion for an extension of time to prepare and file dispositive motions (DE 95). In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's failure to respond to the court's July 9, 2015, order directing plaintiff to particularize the allegations in his April 29, 2015, amended complaint. The court allowed plaintiff 14 days from the date of its July 9, 2015, order to particularize the allegations in

his April 29, 2015, amended complaint. Plaintiff was cautioned that failure to file particularized allegations within the 14 day time period would result in dismissal, without prejudice, of the allegations of the April 29, 2015, amended complaint. Because plaintiff failed to timely respond to the court's July 9, 2015, order, the allegations set forth in plaintiff's April 29, 2015, amended complaint are DISMISSED without prejudice.

The court turns to plaintiff's motion to compel discovery. Plaintiff asserts that defendants failed to fully respond to his requests for the following documents: (1) inmate records related to grievances, use of force reports, incident reports, movement records, and confidential inmate witness statements; (2) medical records; (3) mental health records; (4) inmate rosters for plaintiff's housing pod in the control unit and modified housing; and (5) shift narratives for the time period he was housed on control status at Maury.

Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion"

2

to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

Defendants Dennis Daniels, Whitney Driver, John Herring, Jackie Parker, Ennis Oats, Donald Polt, Paula Smith, Carlton Joyner, Bobby Marshall, and Robert Lewis concede that they did not provide plaintiff with copies of inmate rosters or shift narratives, which are non public documents, because such requests were overly broad and invoked both confidentiality and security concerns. The court is mindful of the security concerns implicated by providing an inmate rosters and shift narratives involving other inmates. Further, plaintiff has not stated why any inmate roster or shift narrative is relevant to his claim or even to which of his claims it pertains. Thus, plaintiff's motion to compel is DENIED as to this discovery request.

As for plaintiff's remaining discovery requests, such requests are vague and it is unclear how the requested materials are relevant to this action. Additionally, defendants provided evidence that they responded to plaintiff's discovery requests. See (Def.'t's Resp. (DE 96) Exs. A-C and (DE 97) Exs. 1-3.). Defendants state they provided plaintiff approximately 160 pages of documentation pertaining to grievances submitted by plaintiff at Maury during the relevant time period, 240 pages of documentation pertaining to incident reports and disciplinary files involving plaintiff during the relevant time period, 770 pages of medical records pertaining to plaintiff during the relevant time period, property inventory forms pertaining to plaintiff, and a nutritional assessment performed at a prior facility.[1] Due to the vague nature of plaintiff's discovery requests and in light of the large volume of materials defendants already provided plaintiff, plaintiff's current discovery requests

---

[1] Defendants Dennis Daniels, Whitney Driver, John Herring, Jackie Parker, Ennis Oats, Donald Polt, Paula Smith, Carlton Joyner, Bobby Marshall, and Robert Lewis also state that they supplemented their discovery responses, subsequent to the filing of plaintiff's motion to compel, and produced inventory forms related to plaintiff during the relevant time period. (Def.'s Resp. (DE 97), p. 2.)

appear to be a fishing expedition. Accordingly, plaintiff's motion to compel is DENIED as to plaintiff's remaining discovery requests. See Cohn v. Bond, 953 F.2d 154, 159 (4th Cir.1991) ("Discovery should not become a fishing expedition.") (internal quotation and citation omitted).

In addition to plaintiff's document requests, plaintiff asserts that defendants failed to adequately respond to his requests for admissions. Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36 allows a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to [] facts, the application of law to fact, or opinions about either; and [] the genuineness of any described documents." Fed. R. Civ. P. 36(a).

In this case, the record reflects defendants responded to plaintiff's requests for admissions. (Def.'t's Resp. (DE 96) Ex. A, (DE 97), Attach. 3.) Plaintiff does not provide any valid basis for objection to defendants' responses to plaintiff's requests for admissions. Rather, plaintiff simply appears to disagree with defendants' responses. See Fed. R. Civ. P. 36. Accordingly, the court OVERRULES plaintiff's objections to defendants' responses to plaintiff's requests for admissions.

Finally, the court turns to plaintiff's motion for an extension of time to prepare and file dispositive motions. For good cause shown, plaintiff's motion is GRANTED. Dispositive motions are now due by October 6, 2015. Plaintiff is cautioned that the court will grant no further extensions of time to file dispositive motions.

4

For the foregoing reasons, the court rules as follows:

(1) Because plaintiff failed to comply with the court's July 9, 2015, order directing him to file particularized allegations, the allegations set forth in his April 29, 2015, amended complaint are DISMISSED without prejudice;

(2) Plaintiff's motion to compel (DE 94) is DENIED;

(3) Plaintiff's motion for an extension of time to file dispositive motions (DE 95) is GRANTED, and dispositive motions now are due by October 6, 2015.

SO ORDERED, this the 12th day of August, 2015.

LOUISE W. FLANAGAN
United States District Judge

5

Case 5:13-ct-03077-FL   Document 98   Filed 08/12/15   Page 5 of 5